UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
RAJESH SOOKLAL,                                                         :
:
                   Plaintiff,                                         :    14-CV-0430 (JMF)
:
       -v-                                                              :    MEMORANDUM OPINION
:    AND ORDER
JOSEPH GERBINO,                                                         :
:
                   Defendant.                                          :
:
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/21/2014

JESSE M. FURMAN, United States District Judge:

       Plaintiff Rajesh Sooklal sues Defendant Joseph Gerbino, a Special Agent with the United States Secret Service, in his individual capacity, for malicious prosecution in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments.  (Am. Compl. (Docket No. 13)).  Pursuant to Rule 12(b)(6), Defendant moves to dismiss the Amended Complaint (the "Complaint").  (Docket No. 16).  For the reasons explained below, Defendant's motion to dismiss is GRANTED.

## BACKGROUND

       The following facts, taken from the Complaint, are assumed to be true for purposes of this motion.  *See, e.g.*, *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009).  In early 2010, Defendant was investigating allegations of bank fraud committed at Wachovia Bank's Hampstead branch.  (Am. Compl. ¶ 12).  Bank officials informed Defendant that one of the perpetrators was named "Rajesh Sooklal."  (*Id.* ¶ 14).  The witnesses described

the perpetrator as being about five feet, ten inches tall and weighing 230 pounds. (*Id.* ¶¶ 14-15).[1]
On April 28 of that year, Plaintiff, who is only about 160 pounds, was indicted for bank fraud and related offenses, and an arrest warrant was issued. (*Id.* ¶¶ 16, 22, 25-26, 35-37). Shortly before Plaintiff's trial was scheduled to begin, however, another person was arrested for the crime, and the charges against Plaintiff were dismissed with prejudice. (*Id.* ¶¶ 38-39).

Plaintiff filed this lawsuit on January 17, 2014. (Docket No. 1). The Complaint alleges that Defendant knew about the discrepancies between Plaintiff's appearance and that of the perpetrator, but did not disclose that information to the complaining witnesses prior to the indictment or arrest. (Am. Compl. ¶¶ 17-20, 22-25). It also asserts that, to the extent that Plaintiff's rights were violated by other, unnamed government officials, Defendant failed to intervene. (*Id.* ¶ 49).[2]

## DISCUSSION

A motion pursuant to Rule 12(b)(6) challenges the sufficiency of the allegations in the complaint. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). To survive such a motion, the plaintiff's complaint must, as a general matter, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

---

[1] The Complaint states that Plaintiff is five feet, six inches tall (Am. Compl. ¶ 16), but Plaintiff now admits that he is "closer to the true criminal's height than originally alleged." (Pl. Mem. Opp'n Def.'s Mot. To Dismiss Pursuant Fed. R. Civ. P. 12(B)(6) ("Pl.'s Mem.") (Docket No. 21) 5 n.1). Plaintiff's precise height is irrelevant to the Court's decision.

[2] The Complaint makes reference to Title 42, United States Code, Section 1983, but it is well established that Section 1983 "does not apply to allegedly unlawful acts of federal officers" such as Defendant. *United States v. Acosta*, 502 F.3d 54, 60 (2d Cir. 2007).

556 U .S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  More specifically, the plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  If the plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed."  *Twombly*, 550 U.S. at 570.

In order to prevail on a constitutional tort claim for malicious prosecution, "a plaintiff must show a violation of his rights under the Fourth Amendment, and must establish the elements of a malicious prosecution claim under state law."  *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010) (citations omitted).  To succeed on a claim of malicious prosecution under New York law, a plaintiff must demonstrate: "(1) the initiation of a proceeding, (2) its termination favorably to plaintiff, (3) lack of probable cause, and (4) malice."  *Savino v. City of New York*, 331 F.3d 63, 75 (2d Cir. 2003) (internal quotation marks omitted).  The existence of probable cause "is a complete defense" to the claim.  *Id.* at 72.  Moreover, where, as here, a prosecution begins with the return of an indictment by a grand jury, the indictment "creates a presumption of probable cause that may *only* be rebutted by evidence that the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith."  *Id.* (internal quotation marks omitted); *see also, e.g.*, *Green v. Montgomery*, 219 F.3d 52, 60 (2d Cir. 2000); *Celestin v. City of New York*, 581 F. Supp. 2d 420, 433 (E.D.N.Y. 2008).

Plaintiff's Complaint does not meet that standard.[3]  Plaintiff points to the alleged discrepancy between his physical appearance and the perpetrator's physical appearance.  (*See,*

---

[3]    Plaintiff argues that "[t]he question of whether or not Plaintiff will be able to factually adequately rebut the presumption of probable cause created by the indictment is for another day."  (Pl.'s Mem. 3).  Although it is true that Plaintiff need not introduce admissible evidence at this stage, he must at least "plead[] factual content that allows the court to draw the reasonable inference that" the grand jury's indictment was a result of fraud or other misconduct.  *Iqbal*, 556

*e.g.*, Am. Compl. ¶¶ 15-22, 25).[4]  Plaintiff does not allege, however, that Defendant withheld that information from prosecutors, *see, e.g.*, *Alvarado v. City of New York*, No. 04-CV-2558 (NGG) (VVP), 2006 WL 2252511, at *5 (E.D.N.Y. Aug. 5, 2006) (noting that "[i]t is ultimately the prosecutor who chooses what evidence to put before the grand jury" and that the prosecutor's failure to introduce exculpatory evidence does not demonstrate bad faith on the part of the detective who led the investigation), let alone whether (or how) the supposed physical description of the perpetrator played any role in the grand jury proceedings.

Moreover, even if Defendant did intentionally withhold information about Plaintiff's physical appearance from prosecutors and the grand jury, such "differences in his physical description . . . [are] not enough to negate probable cause." *Celestin*, 581 F. Supp. 2d at 432; *see also Gisondi v. Town of Harrison*, 72 N.Y.2d 280, 284 (1988) (holding that a twenty-year difference in age between the plaintiff and the described suspect did not establish malicious prosecution); *Carthens v. City of New York*, 562 N.Y.S.2d 534, 535 (App. Div. 2d Dep't 1990) (holding that the failure to disclose in the grand jury "certain discrepancies between the

---

U.S. at 678; *see also, e.g.*, *Jennis v. Rood*, 310 F. App'x 439, 441 (2d Cir. 2009) (summary order) (affirming dismissal of a malicious prosecution claim on the ground that the complaint failed to allege facts to plausibly rebut the presumption of probable cause triggered by a grand jury indictment); *Lopez v. City of New York*, No. 14-CV-1660 (PKC), 2014 WL 5090041, at *2 (S.D.N.Y. Oct. 10, 2014) ("The indictment creates a presumption of probable cause that no allegation in the complaint adequately rebuts."). The Complaint here fails to do so.

[4]     Defendant claims that he obtained the weight information cited in the Amended Complaint after Plaintiff was indicted (Mem. Law Def. Joseph Gerbino Supp. Mot. To Dismiss Am. Compl. ("Def.'s Mem.") (Docket No. 17) 3 n. 3), while Plaintiff points to photographs, attached as exhibits to his memorandum of law, as proof of the physical dissimilarity between the alleged actual perpetrator and Plaintiff (Pl.'s Mem. 3). The Court may not consider such evidence.  *See, e.g.*, *In re Thelen LLP*, 736 F.3d 213, 219 (2d Cir. 2013) ("In adjudicating a motion to dismiss, a court may consider only the complaint, any written instrument attached to the complaint as an exhibit, any statements or documents incorporated in it by reference, and any document upon which the complaint heavily relies."). But in any event, neither argument would affect the Court's analysis or conclusion.

description given by the eyewitness and the actual appearance of the plaintiff" was "insufficient to overcome the presumption" of probable cause); *Taylor v. City of Mount Vernon*, 555 N.Y.S.2d 409, 410 (App. Div. 2d Dep't 1990) (similar).  Were it otherwise, "virtually every failed prosecution in which the police applied for an arrest warrant or testified at a felony hearing without noting every discrepancy revealed during the investigation, would give rise to a suit and trial for . . . malicious prosecution."  *Gisondi*, 72 N.Y.2d at 285.[5]

Plaintiff also claims that Defendant failed to intervene to prevent other government officials from violating his constitutional rights.  (Am. Compl. ¶¶ 42, 49).  It is well settled that law enforcement officials may be held liable for failing to prevent another officer from violating a person's constitutional rights *only* if the officer "observes or has reason to know that an individual's constitutional right has been violated and he had a realistic opportunity to prevent the harm from occurring."  *Brooks v. County of Nassau*, — F. Supp. 3d —, No. 14-CV-3107 (LDW) (GRB), 2014 WL 5093277, at *5 (E.D.N.Y. Oct. 9, 2014) (internal quotation marks omitted); *see also Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994).  Here, Plaintiff essentially concedes that the Complaint — which neither mentions another official who could have violated Plaintiff's rights nor asserts that Defendant had a realistic opportunity to prevent the violation from occurring — fails to allege conduct satisfying that standard.  Instead, Plaintiff argues that as "information is gathered which is now unavailable to the Plaintiff, it may well be determined that the Defendant had a fellow member of law enforcement acting improperly and

---

[5]  Plaintiff's claim must also be dismissed for failure to allege that Defendant acted with malice.  Plaintiff does not contend that the Complaint includes facts independently showing that Defendant acted with any animus towards Plaintiff.  Instead, he relies on case law recognizing that a court may infer malice from the absence of probable cause.  (Pl.'s Mem. 7 (citing *Boyd v. City of New York*, 336 F.3d 72, 78 (2d Cir. 2003)).  Plaintiff's failure to defeat the presumption in favor of probable cause is therefore dispositive of the malice question as well.

that Defendant knew of and failed to intervene." (Pl.'s Mem. 7). That is not enough to survive Defendant's motion, as it is Plaintiff's burden of pleading facts that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 55. By his own near admission, Plaintiff does not meet that burden here.

## CONCLUSION

For the foregoing reasons, Defendant's motion is GRANTED and the case is DISMISSED in its entirety.

The Clerk of Court is directed to terminate Docket No. 16 and close the case.

SO ORDERED.

Date: November 20, 2014
New York, New York

JESSE M. FURMAN
United States District Judge